UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

SHARON GARCIA,

                Plaintiff,

-against-

THE CITY OF NEW YORK,
NEW YORK CITY POLICE
OFFICERS JANE/JOHN DOE #'s 1-7,

                Defendant,
_____X

JUDGE PRESKA

07 CIV 4777

**COMPLAINT**

PLAINTIFF
DEMANDS
TRIAL BY JURY

RECEIVED
JUN 05 2007
U.S.D.C. S.D. N.Y.
CASHIERS

PLAINTIFF SHARON GARCIA by her attorney DAVID A. ZELMAN, Esq., for her COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which PLAINTIFF SHARON GARCIA (hereinafter "GARCIA") seeks damages to redress the deprivation, under color of state law, of rights secured to her under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about March 30, 2007, at 314 East 143rd Street, Apartment 1E, Bronx, NY 10451, GARCIA was falsely arrested by officers employed by the New York City Police Department (hereinafter "NYPD"). It is alleged that the defendants falsely arrested GARCIA in violation of her constitutional rights, and as a result GARCIA was detained for

approximately 17 hours. Officers excessively searched the apartment, damaged GARCIA's furniture and confiscated $690 in cash. GARCIA was strip searched. GARCIA was released from custody without charges. As a result of the incident, GARCIA suffered loss of enjoyment of life, physical injury, mental anguish, shame, humiliation, indignity, and damage to reputation, among other damages. Plaintiff appends state and federal law claims.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. GARCIA at all times resided at 314 East 143rd Street, Apartment 1E, Bronx, NY 10451.

4. Defendant CITY is the municipal corporation that operates the New York City Police Department.

5. Jane/John Doe 1 through 7 is and was acting within the scope of his/her duties as members of the New York Police Department.

6. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of the New York City Police Department, and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations,

policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

7. On or about March 30, 2007, at approximately 7:14 AM, GARCIA was inside her apartment with her four year-old son Miguel Rodriguez.

8. Approximately seven officers burst into GARCIA's apartment and demanded that GARCIA sit on her sofa. GARCIA then told the officers that her son was present and the son was brought to the sofa as well.

9. GARCIA's apartment was then excessively searched and in the process her property was damaged. GARCIA was then arrested and put in handcuffs at approximately 9:00 AM. Prior to the arrest GARCIA was allowed to get dressed with her son.

10. GARCIA was transported to the 40th precinct. At the precinct GARCIA was told to remove her clothes and was subjected to a full body strip search. Thereafter GARCIA was transferred to Central Booking.

11. Before being brought before a judge, GARCIA was taken from Central Booking and transported to the 48th Precinct. At approximately midnight on March 31, 2007, GARCIA was released from custody without charges.

12. GARCIA, while in custody, sustained physical injuries and pain to her wrists where the handcuffs were applied tightly.

13. The officers who searched her apartment confiscated $690 in cash from GARCIA's pocketbook and damaged her couch during the court of the search.

GARCIA was requested to, and did sign a property voucher for the $690 when she was at the 40th precinct.

14. GARCIA suffered greatly and was emotionally traumatized by her detention and imprisonment.

15. GARCIA suffered damage to her reputation.

16. GARCIA suffered extreme humiliation and physical injury.

17. That heretofore and on the April 25, 2007, GARCIA's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of GARCIA, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

18. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

### V. FIRST CAUSE OF ACTION
**Pursuant to §1983 (FALSE ARREST)**

19. Paragraphs 1 through 18 of this complaint are hereby realleged and incorporated by reference herein.

20. That Defendants had no valid evidence for the arrest of GARCIA, nor legal cause or excuse to seize and detain GARCIA for a period of approximately 17 hours.

21. That in detaining GARCIA for a period of 17 hours without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

22. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

23. As a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

24. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of GARCIA's rights alleged herein.

25. By reason of defendants' acts and omissions, defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of GARCIA's rights, subjected GARCIA to an unlawful, illegal and excessive detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

26. By reason of the foregoing, GARCIA suffered, physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and

other psychological injuries. All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
#### Pursuant to State Law (FALSE ARREST)

27. Paragraphs 1 through 26 are hereby realleged and incorporated by reference herein.

28. That the seizure, detention and imprisonment of GARCIA was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison GARCIA.

29. That defendants intended to confine GARCIA.

30. That GARCIA was conscious of the confinement and did not consent to the confinement.

31. That the confinement was not otherwise privileged.

32. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of GARCIA' rights, deprived GARCIA of her liberty when they subjected GARCIA to an unlawful, illegal and excessive detention, in violation of State law.

33. That by reason of the foregoing, GARCIA suffered mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
#### Pursuant to Federal Law (Illegal Search)

34. Paragraphs 1 through 33 are hereby realleged and incorporated by reference herein.

35. That defendants excessively searched GARCIA's apartment.

36. That the search in GARCIA's apartment was unlawful in that defendants had no warrant to enter, examine and/or search GARCIA's residence and personal belongings

37. That upon information and belief, defendant CITY had a policy and/or custom of unlawfully searching residences without a warrant.

38. That the search in GARCIA's apartment was excessive, damaging some of her personal property and converting same.

39. By reason of the unlawful search in GARCIA's apartment, defendants acting in gross and wanton disregard of GARCIA's rights, deprived GARCIA of his privacy and property, in violation of rights secured to him under the Fourth and Fourteenth Amendments of the United States Constitution.

## VIII. FOURTH CAUSE OF ACTION
### Pursuant to State Law (Conversion)

40. Paragraphs 1 through 39 are hereby realleged and incorporated by reference herein.

41. On or about March 30, 2007, GARCIA was in possession of: $690.00, in cash.

42. On or about March 30, 2007, defendants took the above mentioned property from GARCIA's possession and converted it to defendants own use.

43. Other property owned by GARCIA was damaged during the search.

44. That the above conversion of GARCIA'S property deprived GARCIA of use of her property, in violation of rights secured to her under the Fourth and Fourteenth Amendments of the United States Constitution.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to §1983 (ILLEGAL STRIP SEARCH)

45. Paragraphs 1 through 44 are hereby realleged and incorporated by reference herein.

46. That defendants strip searched GARCIA absent a requisite reasonable suspicion that

GARCIA was concealing weapons and / or contraband.

47. That defendants had no legally sufficient cause to strip search GARCIA.

48. That by reason of defendants acts and omissions, defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of GARCIA'S rights, subjected GARCIA to an illegal strip search, in violation of her rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

### X. SIXTH CAUSE OF ACTION
**Pursuant to State Law (ILLEGAL STRIP SEARCH)**

49. Paragraphs 1 through 48 are hereby realleged and incorporated by reference herein.

50. That defendants strip searched GARCIA absent a requisite reasonable suspicion that GARCIA was concealing weapons and / or contraband.

51. That defendants had no legally sufficient cause to strip search GARCIA.

52. That by reason of defendants acts and omissions, defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of GARCIA'S rights, subjected GARCIA to an illegal strip search, in violation of her rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, GARCIA has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, GARCIA respectfully requests that judgment be entered:

1. Awarding GARCIA compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding GARCIA punitive damages in an amount to be determined by a jury;

3. Awarding GARCIA interest from March 30, 2007; and

4. Awarding GARCIA reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
June 4, 2007

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072