UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

SHARON GARCIA,

          Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICERS JANE/JOHN DOE #'s 1-7,

         Defendants.

------------------------------------------------------------------------ x

ANSWER TO COMPLAINT

07 CV 4777 (LAP)

JURY TRIAL DEMANDED

    Defendant, City of New York ("the City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its answer to the Complaint, dated June 4, 2007 ("Complaint"), respectfully states, upon information and belief, as follows:

    1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff has commenced an action as stated therein.

    2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

    3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the Complaint.

    4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that the City is a municipal corporation incorporated under the laws of the State of New York, and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except states that the allegations regarding the City's responsibilities and the City "acting under the color of law" are legal conclusions to which no response is required, and respectfully refer the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admits that on March 30, 2007 at about 7:00 A.M. plaintiff and a boy were present in Apartment 1E, 314 East 143rd Street, Bronx, New York.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admits that police officers executed a search warrant at the above-mentioned apartment, and that plaintiff was told to sit on a sofa.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that the above-mentioned apartment was searched, plaintiff was arrested, was allowed to dress and was handcuffed.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admits that plaintiff was transported to the 40th Precinct and a central booking facility.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies the allegations set forth in paragraph "12" of the Complaint.

13. Denies the allegations set forth in paragraph "13" of the Complaint,

except admits that $690 was found in plaintiff's apartment and was vouchered as evidence.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint, except admits that on or about April 25, 2007, the City Comptroller's officer received a document purporting to be a notice of claim.

18. Denies the allegations set forth in paragraph "19" of the Complaint, except admits that more than 30 days have elapsed since the City Comptroller's received a document purporting to be a notice of claim and that plaintiff's claim has not been adjusted or paid.

19. In response to the allegations set forth in paragraph "19" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "18" of this answer as if fully set forth herein.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. In response to the allegations set forth in paragraph "27" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1"

through "26" of this answer as if fully set forth herein.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint, except refers all questions of law to the Honorable Court.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint, except refers all questions of law to the Honorable Court.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. In response to the allegations set forth in paragraph "34" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "33" of this answer as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. In response to the allegations set forth in paragraph "40" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "39" of this answer as if fully set forth herein.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint, except admits that $690 in cash was found in plaintiff's apartment and was vouchered as evidence.

42. Denies the allegations set forth in paragraph "42" of the Complaint,

except admits that $690 in cash was found in plaintiff's apartment and was vouchered as evidence.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. In response to the allegations set forth in paragraph "45" of the Complaint, defendant repeats and re-alleges the responses set forth in paragraphs "1" through "44" of this answer as if fully set forth herein.

46. Denies the allegations set forth in paragraph "46" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff was strip-searched.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. In response to the allegations set forth in paragraph "49" of the Complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "48" of this answer as if fully set forth herein.

50. Denies the allegations set forth in paragraph "50" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff was strip-searched.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies the allegations set forth in paragraph "52" of the Complaint.

53. Denies the allegations set forth in the un-numbered paragraph captioned "INJURY AND DAMAGES."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

54. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

55. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

56. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

57. Plaintiff provoked or was at fault for the incident.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

58. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

59. There was reasonable suspicion and/or probable cause to search, arrest and detain plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

60. Punitive damages cannot be assessed as against the City of New York.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

61. At all times relevant to the acts alleged in the Complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

62. To the extent plaintiff asserts state law claims against the City, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

WHEREFORE, defendant City of New York demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:   New York, New York
         August 31, 2007

                            Respectfully submitted,

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                            City of New York
                            *Attorney for Defendant*
                            CITY OF NEW YORK
                            100 Church Street, Room 3-162
                            New York, New York  10007
                            (212) 788-9391
                            By: _____
                               Barry K. Myrvold (BM6908)

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2007, the foregoing document was filed and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

By ECF:
David A. Zelman, Esq.
*Attorney for Plaintiff*
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072


DATED:    New York, New York
          August 31, 2007

_____
Barry K. Myrvold (BM6908)

Index No. 07 CV 4777 (LAP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARON GARCIA,

Plaintiff,

-against-

THE CITY OF NEW YORK, et. al.,

Defendants.

**ANSWER TO COMPLAINT**

***MICHAEL A. CARDOZO***

*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Barry K. Myrvold*

*Tel: (212) 788-9391*

*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. .............................., 2007......*

*............................................................ Esq.*

*Attorney for......................................................*