UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/08

-------------------------------------------------------------- x

SHARON GARCIA,                                              07 CV 4777 (LAP)

                              Plaintiff,             **ORDER**

                 -against-

THE CITY OF NEW YORK, et al.,

                             Defendant.

-------------------------------------------------------------- x

*After reviewing the attached letters,*

IT IS HEREBY ORDERED that the transcripts of the search warrant application in *In The Matter of An Application For A Warrant Authorizing A Search Of Apartment 1E, Inside of Apartment 314 East 143 Street, Bronx, New York*, S/W 0421/2007 be unsealed and provided to Michael Cardozo, the Corporation Counsel of the City of New York, or to his authorized representatives for use in the litigation of this action. *The papers may be redacted to avoid disclosure of the CI's identity, without prejudice to Plaintiff's opportunity to seek such disclosure after other discovery has been concluded.*

SO ORDERED

*Loretta A. Preska*
United States District Judge

Dated: April 15, 2008

## LAW OFFICE OF DAVID A. ZELMAN
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072
Fax (718) 604-3072

April 11, 2008

Via Fax: 212-805-7941

Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2510
New York, NY 10007

      Re: Sharon Garcia v. The City of New York, et al.
      **07CV4777**

Hon. Loretta A. Preska:

  This is an application to unseal the minutes of the warrant application for the warrant which was executed in this case. Our office was informed today by the court reporter who took the minutes of the warrant application that she would not release the minutes without an unsealing order from the court. This is apparently because the criminal matter was dismissed in its entirety as against Ms. Garcia. Therefore, we ask your honor to issue an Order unsealing the minutes for the purposes of discovery in this matter only.

  The minutes of the warrant application are relevant to this action. It is essential to know what the police witness told the issuing magistrate to convince the magistrate to issue a search warrant in this matter. As your Honor is aware, the plaintiff in this case adamantly denies ever dealing drugs from her apartment and in fact, no cocaine or cocaine residue was found in the plaintiff's apartment despite the fact that cocaine was sought in the search warrant.

  Defense counsel indicated that he did not consent to this relief.

  Thank-you in advance for your consideration

                Sincerely,

                David Zelman, Esq.

To:
Barry Myrvold, Esq
 Via Fax: 212 788 9776



| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Barry K. Myrvold<br>*Special Federal Litigation*<br>(212) 788-9391<br>(212) 788-9776 (fax)<br>bmyrvold@law.nyc.gov |

April 11, 2008

By Fax 212 805 7941
Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007

    Re: Sharon Garcia v. The City of New York, et al.
       07 CV 4777 (LAP)

Your Honor:

  I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for the defendant City of New York in this civil rights action alleging police misconduct. I am writing in opposition to plaintiff's April 11, 2008 application for an order unsealing the transcript of the minutes or testimony given in connection with the application for the search warrant.

  The City opposes plaintiff's application because the transcripts or minutes of the testimony given in connection with the search warrant application contains information that could potentially reveal the identity of a confidential informant, and threaten his or her safety. Accordingly, the City respectfully requests that any unsealing order provide that the transcripts of the minutes or testimony be provided to the Corporation Counsel or his designee so that we may ensure that the transcript is properly redacted so as to protect the identity of any confidential informant. In fact, this is what the City proposed to plaintiff before the instant motion was made.

  A copy of a proposed unsealing order is attached for your convenience. Thank you for your attention.

Respectfully submitted,

Barry Myrvold

Honorable Loretta A. Preska
Sharon Garcia v. NYC, et al.
April 11, 2008
Page 2

cc:   David Zelman        By Fax 718 604 3074
      *Attorney for Plaintiff*

# LAW OFFICE OF DAVID A. ZELMAN
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072
Fax (718) 604-3072

April 12, 2008

Via Fax: 212-805-7941

Hon. Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2510
New York, NY 10007

       Re: Sharon Garcia v. The City of New York, et al.
       **Case No.: 07CV4777**

Hon. Loretta A. Preska:

    In response to defense counsel's letter opposing plaintiff's application for an unsealing order, the undersigned submits this short reply.

    Defense counsel, wittingly or otherwise, has stumbled upon another issue in this litigation in seeking non disclosure of the informant who provided the sole information which was used to support the warrant in this matter.

    Plaintiff seeks disclosure of the confidential informant in this matter to depose the informant. It is clear from a review of the affidavit in support of the warrant in this matter that the informant was the only information which was relied upon in support of the warrant application. Since the informant is a key and critical witness to this matter, the "informer's privilege" must yield to plaintiff's legitimate and clearly articulated discovery needs. See, Roviaro v. United States, 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957); United States v. Russotti, 746 F.2d 945, 950 (2d Cir. 1984); ("The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence.") Plaintiff seeks the informant's testimony to demonstrate the lack of candor used in obtaining the warrant in this matter.

    Here, there can be no legitimate dispute that without the confidential informant, there would simply be no basis for a search warrant. There has been no discovery produced which suggests that any information was obtained other than by the confidential informant.

    Therefore, plaintiff requires the identity of the informant to depose this person. In addition, while the undersigned disputes defense counsel's suggestion that the plaintiff, a mother

in her thirties who is actively engaged in child rearing would be a threat to anyone, if necessary, the undersigned consents to an "attorneys eyes only" and again, if necessary, to name said informant in a caption, if warranted, as confidential informant #1 instead of by name.

Additionally, plaintiff now seeks to add a defendant in this matter and seeks Court approval for same. The proposed new defendant is the officer who testified before the issuing magistrate which the plaintiff alleges misled the magistrate.

It should be noted that plaintiff made a very reasonable demand in this matter which was rejected by defense counsel.

Thank-you in advance for your consideration

Sincerely,

David Zelman, Esq.

To:
Barry Myrvold, Esq
Via Fax: 212 788 9776